## PEEBLES v STATE

Ohio Appeals, 7th Dist, Mahoning Co

No 2382.   Decided Oct 22, 1937

E. R. Zieger, Youngstown, and Mr. Manchester of Harrington, Huxley & Smith, Youngstown, for appellee.

Fred J. Heim, Youngstown, for appellant.

## OPINION

By NICHOLS, J.

The council of the Village of Canfield, Mahoning County, Ohio, pursuant to the provisions of the General Code, passed a zoning ordinance for that village, and in the ordinance established not only residential zones as distinguished from business zones, but also established a setback building line in the residential zones.

Edward J. Peebles violated this ordinance by erecting a business building within a residential zone, and likewise by erecting the same contrary to the provisions of the ordinance relating to setback building lines. Peebles was arrested upon an affidavit charging him with such violation of the ordinance and was tried and convicted of such violation by the mayor, who adjudged that he pay a fine of $150.00. This judgment of the mayor was reversed by the Common Pleas Court of Mahoning County, and the cause is now in this court upon appeal on questions of law by the village of Canfield.

It is the contention of Edward J. Peebles that the ordinance of the village of Canfield is unconstitutional in that there is no reasonable ground for the adoption of such ordinance from the standpoint of the public health, morals or safety.

There can be no doubt but that the right of the city to adopt an ordinance of the character in question arises solely under the police power and in the interest of the public health, morals and safety, and if the regulations adopted by the council are arbitrary or unreasonable and have no substantial relation to the public health, morals, safety or public welfare, it becomes the duty of the court to declare such regulations to be invalid.

Wondrak v Kelley et, 129 Oh St 269.

This case is further authority for the proposition that aesthetic reasons alone, unrelated to the requirements of the public health, morals, safety or welfare, will not justify the exercise of the police power.

In City of Dayton v S. S. Kresge Co., 114 Oh St 624, 151 NE 775, 53 A.L.R. 916, the Supreme Court of Ohio declared that the determination whether the regulations were reasonably necessary for the safety of the public was committed in the first instance to the legislative body of the municipality,

and that unless it was clear that such regulations were unreasonable or arbitrary or had no substantial relation to the public health, safety, morals or general welfare, the courts would uphold their validity.

It follows from this declaration of our Supreme Court that the burden in the instant case was upon the defendant to clearly show that the regulations adopted by the council in its zoning ordinance are arbitrarily unreasonable and have no substantial relation to the public health, safety, morals or general welfare.

The agreed statement of facts upon which this case was tried in the mayor's court disclosed that the business building erected by Edward J. Peebles is located at the junction or intersection of certain of the principal streets of that village; that provisions had been made at this point for parking of automobiles of persons desiring to make purchases at that place of business; that there are not other places of business in the particular zone which is devoted exclusively to residence purposes; that the building in question is located about twenty feet from the street line.

From all of the facts shown in the agreed statement of facts, the majority members of this court are unable to say that the ordinance in question has no substantial relation to the public safety of persons engaged in traffic upon the public streets of the village, nor can we say that it has been clearly shown that certain kinds of business which may be carried on in the building erected by Edward J. Peebles, such as the sale of intoxicating beverages, would not be against the public health and morals.

For the reasons herein assigned, the judgment of the Court of Common Pleas is reversed and the cause remanded to the mayor's court of the village of Canfield for further proceedings according to law.

Judgment reversed and cause remanded to Mayor's Court of Village of Canfield.

CARTER, J, concurs.
ROBERTS, PJ, dissents.